**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DOMINICK AND DIANN BRUNO** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-4374-EEF-SS** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

**ORDER**

STATE FARM'S MOTION TO QUASH PLAINTIFFS' NOTICE OF DEPOSITION OF SHARON GREEN (Rec. doc. 53)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), to quash the notices by the plaintiffs, Dominick and Diann Bruno, of the deposition of Sharon Green. Green was the insurance agent who sold plaintiffs their State Farm policy.

On June 19, 2007, the plaintiffs' noticed Green's deposition for July 2, 2007 and requested the production of documents. Rec. doc. 53 (Exhibit 1). The plaintiffs seek production of documents relating to: (1) any agreement between Green and Allstate or its lawyers;[1] (2) reports for Mariners Hideaway concerning Hurricane Katrina; (3) reports for Mariners Hideaway for damages caused by Hurricane Katrina; (4) documents relied upon to formulate her opinion; (5) billing records for services performed as an expert for Allstate; (6) the contract and communications with Allstate's lawyers; (7) curriculum vitae; and (8) a list of all actions in which she has testified.  Green is not an

---

[1] Neither party discusses whether Green is currently employed by or consulting with Allstate.

expert for State Farm; Allstate is not the defendant; and the lawyers referred to in the notice of deposition are not the lawyers for State Farm.  The motion to quash is granted as to the first notice.

On June 19, 2007, the plaintiffs served a second notice for the deposition of Sharon Green. Rec. doc. 53 (Exhibit 2) seeking a records deposition on two categories.  The first category sought a printout of all payments made by the plaintiffs for the homeowners policy issued by State Farm. State Farm reports that it agreed to stipulate as to the premiums paid, and therefore, the plaintiffs agreed to waive their request for the printout.  The plaintiffs, however, report they have not received the stipulated information.  The issue as the first category is not moot.  State Farm must either produce the stipulation or the printout.

The second category seeks information concerning the evaluation of the plaintiffs' property for the purpose of determining the amount of coverage issued by State Farm.  State Farm contends that the information is not relevant to the parties' claims and defenses because:  (1) Green is not a party; (2) the plaintiffs do not allege that Green did anything wrong; and (3) plaintiffs cannot assert a claim against Green over the amount of coverage purchased on their home.  State Farm cites Dobson v. Allstate Insurance Co, 2006 WL 2078423 (E.D.La.) (Vance, J.), in which the Court stated:

> Plaintiff does not cite, and the Court does not find, any case imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage.

Id. at *10.  The plaintiffs allege that, before the policy was issued, Green took measurements of the house and possibly photographs of the house.  The plaintiffs contend that Green possesses relevant information concerning the value of the house at the time of the issuance of the policy.  They report

that the house and all photographs of it were lost in the storm. The plaintiffs seek information relevant to the parties' claims and defenses.

IT IS ORDERED that State Farm's motion to quash plaintiffs' notice of depositions of Sharon Green (Rec. doc. 53) is GRANTED as to the first deposition notice and DENIED as to the second deposition notice.

New Orleans, Louisiana, this 29th day of June, 2007.

                                    **SALLY SHUSHAN**
                              **United States Magistrate Judge**