# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINICK AND DIANN BRUNO** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-4374-EEF-SS** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

### ORDER

PLAINTIFFS' MOTION TO QUASH (Rec. doc. 127)

**DENIED**

The deadline for completion of discovery was September 18, 2007.  Rec. doc. 18.  The pretrial conference is set for October 18, 2007 with the trial on October 29, 2007.  Rec. doc. 56.  The defendant, State Farm Fire & Casualty Company ("State Farm"), reports that prior to the discovery deadline the plaintiffs, Dominick and Diann Bruno, were deposed and asked about the status of their application for benefits under Louisiana's Road Home Program.  They were not able to testify as to the amount of any benefits received or due to be received, because the application was pending.

On September 26, 2007, State Farm served a notice of records deposition of the Office of Community Development in Baton Rouge for production of all records pertaining to the plaintiffs and their home in Slidell, Louisiana, including all records on the plaintiffs' Road Home application. The plaintiffs filed a motion to quash on the ground that the discovery was not timely.  State Farm concedes that the discovery was not timely.  It contends that:  (1) it was not able to secure the information at the time of the plaintiffs' depositions because their application was pending; (2) the information is relevant; (3) it is pertinent for settlement negotiations; (4) it is required if the case is

tried and a money judgment is issued; and (5) a recent lawsuit by the Louisiana Attorney General on behalf of the Road Home program against State Farm and other insurers adds to the relevancy of the information.

Inasmuch as the plaintiffs' testimony on their Road Home benefits was incomplete at the time of their deposition, State Farm will be permitted to proceed with the records deposition. The information sought by State Farm is relevant to the plaintiffs' damages and required for trial. State Farm's discovery is in the nature of a follow-up request to a doctor for medical records created after the depositions of an injured plaintiffs or the doctor. State Farm has demonstrated good cause for the belated discovery.

IT IS ORDERED that plaintiffs' motion to quash (Rec. doc. 127) is DENIED.

New Orleans, Louisiana, this 10th day of October, 2007.

**SALLY SHUSHAN**
**United States Magistrate Judge**